IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COOPERATIVE MEDICAL HEALTH CARE CORPORATION, P.A. 165 W. Bagley Road Berea, OH 44017 *On behalf of itself and all others similarly situated* Plaintiff, -vs- LIFESTYLE NUTRITION, INC. c/o its statutory agent, Christopher Fuzy 1741 Coral Gardens Drive Fort Lauderdale, FL 33334 Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: JUDGE **CLASS ACTION COMPLAINT AND JURY DEMAND** |

NOW COMES the Plaintiff, **Cooperative Medical Health Care Corporation, P.A**, ("Plaintiff") on behalf of itself and all others similarly situated, by and through the undersigned counsel, and hereby alleges and avers for its Class Action Complaint against **Lifestyle Nutrition, Inc.** ("Defendant") as follows:

### INTRODUCTION

1. Plaintiff brings this nationwide Class Action Complaint against Defendant for statutory damages resulting from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited marketing and advertising facsimiles to people and businesses who have not given their consent.

1

2. Congress has found that "Unrestricted telemarketing … can be an intrusive invasion of privacy," that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce." *Id.*, Congressional Statement of Findings.

3. As a result, the TCPA prohibits the use of a telephonic facsimile machine to send unsolicited advertisements without the express permission of the recipient, creates a private right, and provides for statutory damages to redress violations of the law. *Id.*

## PARTIES

4. Plaintiff is a resident of Ohio, who received an unsolicited facsimile from Defendant on its office fax machine, which is a physical machine and not a fax server, without its consent.

5. Defendant is a foreign corporation not registered to do business in Ohio.

6. Defendant is based in Fort Lauderdale, Florida.

7. Defendant is in the business in selling nutritional products and services that it markets through medical practices.

## JURISDICTION

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9. Venue is proper in this District because Defendant directed its tortious conduct at the Northern District of Ohio, causing Plaintiff's injury here.

## FACTS

10. On or about April 21, 2020, Defendant sent an unsolicited facsimile to Plaintiff. (attached hereto as Exhibit 1)

11. Plaintiff and Defendant had no prior or existing business relationship, and Plaintiff did not give Defendant its fax number or consent to be sent a facsimile.

12. The facsimile was one page long and advertised Defendant's services to Plaintiff.

13. On information and belief, Defendant sent the facsimile as part of a national marketing campaign.

14. On information and belief, Defendant continues to send such facsimiles nationwide without prior consent to do so.

15. Defendant's transmission of the facsimile caused damaged to Plaintiff, including, but not limited to, monetary loss due the costs of paper, ink and toner; monetary loss due to work interruption and the loss of employee time to review the fax; invasion of privacy; nuisance; trespass to its chattel by interfering with its office facsimile used to aid patients; stress; aggravation; and because a violation of the TCPA is itself a concrete injury.

16. All members of the proposed class have suffered the same or substantially the same injury due to Defendant's conduct as described herein.

## CLASS ALLEGATIONS

17. Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> All persons in the United States who received a facsimile from or on behalf of Defendant advertising its services and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant, within the four years prior to the filing of the Complaint until the class is certified.

18. Numerosity: The exact number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. However, because Defendant has chosen unsolicited facsimiles as a marketing strategy and this strategy requires contacting hundreds if not thousands of the individuals/businesses, the Class likely consists of thousands of individuals and businesses. Nonetheless, class members can be easily identified through Defendant's or its agents' records.

19. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and these questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

    a) Whether Defendant sent the attached fax or had it sent on its behalf;

    b) Whether Defendant had or attempted to obtain consent;

    c) How Defendant compiles its list of individuals/companies to send facsimiles;

    d) Whether Defendant has processes in place to prevent unsolicited facsimiles;

    e) Whether Defendant's conduct was willful;

    f) Whether Defendant's facsimiles were solicitations; and

    g) Whether Defendant's conduct constitutes a violation of the TCPA.

20. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

21. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff has retained counsel competent and experienced in complex litigation and class actions including TCPA cases. Furthermore, Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and they have the financial resources to do so.

22. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class, the relatively small individual recovery, and the costs of litigation.

**FIRST CLAIM FOR RELIEF**
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

23. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

24. The TCPA expressly prohibits unsolicited facsimile advertising, 47 U.S.C. § 227(b)(1)(C).

25. The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission in writing or otherwise." 47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1).

26. The Sixth Circuit looks to dictionary definitions of the word "advertising" to further clarify its meaning to "the action of calling something" of a "commercial nature" to the attention of the public." *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221-222 (6th Cir. 2015)."

27. As such, Defendant violated this provision by sending unsolicited facsimiles advertising of its services to Plaintiff and the class.

28. Accordingly, Defendant's facsimiles are regulated by the TCPA, and Defendants transmission of it without prior consent or a business relationship is unlawful.

29. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class have suffered actual damages as set forth above.

30. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff and members of the Class are each entitled to, *inter alia,* a minimum of $500 in statutory damages for each violation.

31. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class to $1,500 for each violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. Awarding statutory damages per statute as described above;

D. Awarding reasonable litigation expenses and attorneys' fees;

E. Awarding pre- and post-judgment interest to the extent allowable; and

F. Awarding any such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler, LLC
*Attorney for Plaintiff*

# LifestyleNutritionInc.com   

## The American Journal of CLINICAL NUTRITION

To: Dr. Back Kim. MD  From: Christopher Fuzy MS, RD, LD

Fax: 1-954-200-6156  Phone 800-699-8106

Re: FOLLOW UP REQUEST   CLINICAL REFERENCE SITE –  PRINT FOR DOCTOR

Lifestyle Nutrition Inc. is REQUESTING AN EVALUATION OF YOUR PRACTICE to provide an EVIDENCE BASED Lifestyle Nutrition Metabolic Counseling and Weight Loss program for patients with DX -- Db, HTN, CAD, Pain Mgt., Pre-Db, Fatty Liver, Sports Nutrition, Chronic Fatigue, PCOS, Lipids, Weight Loss, IBS, GERD, BHRT, Fibromyalgia, Pregnancy, Menopause, Weight Gain, Cancer, Arthritis/ Inflammation, Gluten Free, Keto, hypothyroid, hypoglycemia..

RESPOND TO YOUR PATIENTS' NEEDS DURING THE COVID-19 PANDEMIC. Provide VIRTUAL Nutrition Services in office or via Telehealth - WHILE SOCIAL DISTANCING.

FOCUS WITH LIFESTYLE MANAGEMENT & Healthy Supermarket Foods WITHOUT SELLING SUPPLEMENTS OR DIET PRODUCTS.   We have trained over 900 doctors nationwide.

Solo practices can net $20-30 K monthly without selling products, medications, or hormones, while improving patient's health, and MRA score.

Typically, one patient per month covers costs of the entire program. Start-up and mid-size practices can expect ROI's of 2,000 – 6,000%.

To QUALIFY as Clinical Reference and EVALUATE GO TO DoctorNutritionProgram.COM & complete questionnaire.   Behavioral Lifestyle Programs Increase PATIENT REFERRALS SUBSTANTIALLY and offer clinical nutrition programs with behavior modification Turn-Key Programs.   Evaluate for your Clinical Philosophy & Patient Demographic.

Lifestyle programs market well, attract new patents, and more profitable to their owners.

Provide Your Patients A New Lifestyle …. Not Just Another Diet!!!!

1. **DoctorNutritionProgram.com**
   Doctor, Complete Nutrition Questionnaire-
   (Evaluate Patient's Nutritional OPTIONS by Completing Form )

2. Doctor, View our 3 min explainer video- Lifestyle Nutrition Metabolic video
   –   DoctorNutritionProgram.com

During a WEBINAR we will review your custom program, Billing , PPO, Medicare and CASH CONCIERGE INCOME for Your Practice.   DoctorNutritionProgram.com

Call 800-699-8106   Fax 1-954-200-6156

To opt out from future faxes go to www.removemyfaxnumber.com and enter PIN# 17347, or call 833-394-6887 or fax to 954-200-6156. The recipient may make a request to the sender not to send any future faxes and that failure to comply with the request within 30 days is unlawful.

Exhibit 1